UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORACE BELL, | ) 1:10-cv–01545-OWW-SKO-HC |
| | ) |
| Petitioner, | ) ORDER DISMISSING THE PETITION |
| | ) (Doc. 1) |
| | ) |
| v. | ) ORDER DECLINING TO ISSUE A |
| | ) CERTIFICATE OF APPEALABILITY |
| SHERRY LOPEZ, | ) |
| | ) ORDER DIRECTING THE CLERK TO |
| Respondent. | ) CLOSE THE ACTION |
| | ) |
| | ) ORDER DIRECTING THE CLERK TO SEND |
| | PETITIONER A BLANK CIVIL RIGHTS |
| | COMPLAINT FOR A PERSON IN CUSTODY |

    Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a writing signed by Petitioner and filed on August 31, 2010 (doc. 9).  Pending before the Court is the petition, which was filed on August 13, 2010, and transferred to this division on August 26, 2010.

1

I. <u>Screening the Petition</u>

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990); <u>see</u> <u>also</u> <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Adv. Comm. Notes, 1976 Adoption; <u>O'Bremski v. Maass</u>, 915 F.2d at 420 (quoting <u>Blackledge v. Allison</u>, 431 U.S. 63, 75 n. 7 (1977)).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; <u>see</u>, <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

II. <u>Conditions of Confinement</u>

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A habeas corpus petition is the

2

1 correct method for a prisoner to challenge the legality or
2 duration of his confinement.  Badea v. Cox, 931 F.2d 573, 574
3 (9th Cir. 1991)(quoting Preiser v. Rodriquez, 411 U.S. 475, 485
4 (1973)); Advisory Committee Notes to Rule 1 of the Rules
5 Governing Section 2254 Cases, 1976 Adoption.
6      By contrast, a civil rights action pursuant to 42 U.S.C.
7 § 1983 is the proper method for a prisoner to challenge the
8 conditions of that confinement.  McCarthy v. Bronson, 500 U.S.
9 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at
10 574; Advisory Committee Notes to Rule 1 of the Rules Governing
11 Section 2254 Cases, 1976 Adoption.
12      In this case, Petitioner alleges that he has been refused
13 medical treatment in prison and that the denial of treatment was
14 deliberately indifferent.  Petitioner's allegations concern his
15 conditions of confinement.  Thus, Petitioner is not entitled to
16 habeas corpus relief, and the petition must be dismissed.
17      Should Petitioner wish to pursue his claims, he must do so
18 by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.
19 The Clerk will be directed to send an appropriate complaint form
20 to Petitioner.
21      III.  Certificate of Appealability
22      Unless a circuit justice or judge issues a certificate of
23 appealability, an appeal may not be taken to the court of appeals
24 from the final order in a habeas proceeding in which the
25 detention complained of arises out of process issued by a state
26 court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537
27 U.S. 322, 336 (2003).  A certificate of appealability may issue
28 only if the applicant makes a substantial showing of the denial

1  of a constitutional right. § 2253(c)(2). Under this standard, a
2  petitioner must show that reasonable jurists could debate whether
3  the petition should have been resolved in a different manner or
4  that the issues presented were adequate to deserve encouragement
5  to proceed further. Miller-El v. Cockrell, 537 U.S. at 336
6  (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A
7  certificate should issue if the Petitioner shows that jurists of
8  reason would find it debatable whether: (1) the petition states a
9  valid claim of the denial of a constitutional right, and (2) the
10 district court was correct in any procedural ruling. Slack v.
11 McDaniel, 529 U.S. 473, 483-84 (2000). In determining this
12 issue, a court conducts an overview of the claims in the habeas
13 petition, generally assesses their merits, and determines whether
14 the resolution was debatable among jurists of reason or wrong.
15 Id. It is necessary for an applicant to show more than an
16 absence of frivolity or the existence of mere good faith;
17 however, it is not necessary for an applicant to show that the
18 appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.
19      A district court must issue or deny a certificate of
20 appealability when it enters a final order adverse to the
21 applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.
22      Here, it does not appear that reasonable jurists could
23 debate whether the petition should have been resolved in a
24 different manner. Petitioner has not made a substantial showing
25 of the denial of a constitutional right. Accordingly, the Court
26 DECLINES to issue a certificate of appeal ability.

IV.  <u>Disposition</u>

Accordingly, it is ORDERED that:

1) The petition for writ of habeas corpus is DISMISSED; and

2) The Clerk is DIRECTED to close the case; and

3) The Court DECLINES to issue a certificate of appealability; and

4) The Clerk is DIRECTED to send to Petitioner a civil rights complaint form for a person in custody.

IT IS SO ORDERED.

**Dated:    September 7, 2010**              /s/ Sheila K. Oberto
                                       UNITED STATES MAGISTRATE JUDGE

5